UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SAMMY JAMES DOUSE,

        Plaintiff,

vs.                              Case No.  2:03-cv-676-FtM-99DNF

F. HANSEN, T. BELFIELD, P. MILLARD,

        Defendants.
_____

**OPINION AND ORDER**

    This matter comes before the Court upon Defendants Belfield and Millard's Motion to Dismiss ("Defendants' Motion" Doc. #28) filed February 2, 2006.  After being granted an extension of time (Doc. #32), Plaintiff filed a response to Defendants' Motion (Doc. #34) on April 3, 2006, an amended response (Doc. #35) on April 4, 2006, and a second amended response (Doc. #37) on July 10, 2006. This matter is now ripe for review.

**I.**

    Plaintiff, proceeding *pro se* and while a prisoner, filed a civil rights complaint form pursuant to 42 U.S.C. § 1983 (hereinafter "Complaint") in which he alleges violations of the Eighth Amendment in connection with an August 25, 2003 incident during which he was subjected to an unjustified and excessive use of force with chemical weapons by Defendants. Defendants seek

dismissal of Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6) arguing that the Complaint alleges only *de minimis* use of force and falls short of the excessive and unnecessary use of force standard required for an Eighth Amendment violation. In the alternative, Defendants Belfield and Millard assert that they are entitled to qualified immunity. As of the date of this Order, service of process has not yet been effectuated upon Defendant Hansen.

According to the Complaint, on August 24, 2003 at approximately 5:25 p.m., Plaintiff was "calmly lying on [his] bunk" when Defendant Belfield entered the quad and yelled to Plaintiff to "get off the door." Complaint, Sec. VII, p. 8. Twenty-five minutes later, Defendants Hansen and Millard entered the quad and "without warning" opened the food flap to Plaintiff's cell and sprayed three can of chemical agents onto Plaintiff's "person." Id. at 9. Plaintiff claims the chemicals caused "severe pain" and his skin to "burst" and/or peel. Id. Plaintiff seeks compensatory and punitive damages. Id. at Sec. VIII, p. 10.

## II.

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to the plaintiff. Christopher v. Harbury, 536 U.S. 403, 406 (2002); Hill v. White, 321 F.3d 1334, 1335 (11th Cir. 2003). A complaint should not be dismissed unless

it appears beyond doubt that the plaintiff can prove no set of facts that would entitle them to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957) (footnote omitted); Marsh v. Butler County, Ala., 268 F.3d 1014, 1022 (11th Cir. 2001)(*en banc*).  To satisfy the pleading requirements of Fed. R. Civ. P. 8, a complaint must simply give the defendant fair notice of what the plaintiff's claims are and the grounds upon which they rest. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002).  While the federal pleading burden is not great, it nonetheless requires fair notice of the claim and the grounds upon which the claim rests. Dura Pharms., Inc. v. Broudo, 125 S. Ct. 1627, 1634 (2005).  The Eleventh Circuit imposes "heightened pleading requirements" for section 1983 cases which involve individuals entitled to assert qualified immunity. Swann v. Southern Health Partners, Inc., 388 F.3d 834 (11th Cir. 2004)(citing Leatherman v. Tarrant County, 507 U.S. 163 (1993)). The heightened pleading standard is not otherwise applicable.  The Court must limit its consideration to well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed. La Grasta v. First Union Secs., Inc., 358 F.3d 840, 845 (11th Cir. 2004).  Dismissal is warranted however if, assuming the truth of the factual allegations of the plaintiff's complaint, there is a dispositive legal issue which precludes relief. Neitzke v. Williams, 490 U.S. 319, 326 (1989); Brown v. Crawford County, Ga., 960 F.2d 1002, 1009-10 (11th Cir.

1992).  The Court need not accept unsupported conclusions of law or of mixed law and fact in a complaint.  <u>Marsh</u>, 268 F.3d at 1036 n.16.

### **III**.

The Eighth Amendment, which prohibits "cruel and unusual punishment," provides the constitutional framework for Plaintiff's claim.  It is the unnecessary and wanton infliction of pain that constitutes cruel and unusual punishment.  <u>Hudson v. McMillian</u>, 503 U.S. 1, 5 (1992) (citations omitted).  In applying the Eighth Amendment in the context of prison discipline, a distinction is made between "punishment after the fact and immediate coercive measures necessary to restore order and security." <u>Ort v. White</u>, 813 F.2d 318, 324-25 (11th Cir. 1987).

With regard to the use of chemical agents:

> It is generally recognized that "it is a violation of the Eighth Amendment for prison officials to use mace, tear gas or other chemical agents in quantities greater than necessary or for the sole purpose of infliction of pain." <u>Soto v. Dickey</u>, 744 F.2d 1260, 1270 (7th Cir. 1984), <u>cert. denied</u>, 470 U.S. 1085 (1985).  For this reason, we have closely scrutinized the use of tear gas or mace (a trade name for tear gas, <u>Soto</u>, 744 F.2d at 1261) in correctional facilities.  <u>See e.g.</u>, <u>Bailey v. Turner</u>, 736 F.2d 963 (4th Cir. 1984); <u>Greear v. Loving</u>, 538 F.2d 578 (4th Cir. 1976).  This is because, even when properly used, such weapons "possess inherently dangerous characteristics capable of causing serious and perhaps irreparable injury to the victim." <u>Slakan v. Porter</u>, 737 F.2d 368, 372 (4th Cir. 1984), <u>cert. denied</u>,

> 470 U.S. 1035 (1985). Accordingly, although it is not *per se* unconstitutional for guards to spray mace at prisoners confined in their cells, it is necessary to examine the "totality of the circumstances, including the provocation, the amount of gas used, and the purposes for which the gas is used [to] determine[e] the validity of the use of tear gas in the prison environment." Bailey, 736 F.2d at 969. See also Justice v. Dennis, 834 F.2d 380, 383 (4th Cir. 1987) (en banc), vacated on other grounds, 490 U.S. 1087 (1989).
>
> However, mace can be constitutionally used in small quantities to "prevent riots and escapes" or to control a "recalcitrant inmate." Landman v. Peyton, 370 F.2d 135, 138 & n. 2 (4th Cir. 1966), cert. denied, 388 U.S. 920 (1967). See also Bailey, 736 F.2d at 968-69. A limited application of mace may be "much more humane and effective than a flesh to flesh confrontation with an inmate." Soto, 744 F.2d at 1262. Moreover, prompt washing of the maced area of the body will usually provide immediate relief from pain. Id.

Williams v. Benjamin, 77 F.3d 756, 763 (4th Cir. 1996). Thus, it is "the imposition of pain totally without penological justification" that is proscribed by the Eighth Amendment. Evans v, Dugger, 908 F.2d 801, 803 (11th Cir. 1990) (citations omitted). See also Ort v. White, 813 F.2d 318; Rhodes v. Chapman, 452 U.S. 337, 346 (1981).

Instances of "physical abuse directed at [a] prisoner **after** he terminate[s] his resistence to authority would constitute an actionable eighth amendment violation." Hope v. Pelzer, 536 U.S.

730, 731 (2002)(emphasis in original)(quoting Ort, 813 F.2d at 324). Significantly, the Eleventh Circuit found that:

> the use of force in retaliation for a provocative act occurring some time earlier is "more likely to be not an effort to restore order but instead either a motive for 'maliciously' striking the inmate 'for the purpose of causing harm' or else summary, informal, unofficial and unsanctioned corporal punishment."

Ort v. White, 813 F.2d 318, 324 (quoting Smith v. Dooley, 591 F.Supp. 1157 (W.D. La. 1984), aff'd, 778 F.2d 788 (5th Cir. 1985)(quoting Dailey v. Byrnes, 605 F.2d 858, 861 (5th Cir. 1979)).

### Defendant Belfield

According to Complaint, the only action attributed to Defendant Belfield is that Belfield yelled to Plaintiff "to get off the door." The Court finds this sole allegation insufficient to state an Eighth Amendment claim against Defendant Belfield. Consequently, the Court will grant Defendants' Motion to Dismiss for failure to state a claim against Defendant Belfield.

### Defendant Millard

The Court cannot state that Plaintiff can prove no set of facts that would entitle him to relief against Defendant Millard at this stage of the proceedings. Here, accepting Plaintiff's allegations in the Complaint as true, Plaintiff has adequately stated a constitutional violation arising out of Defendant Millard's non-spontaneous use of chemical weapons on Plaintiff on August 25, 2003. See Ort v. White, 813 F.2d 318. Similarly,

based on pre-existing law, this Court concludes that Defendant Millard had a fair and clear warning that his <u>alleged</u> conduct was unlawful. <u>See</u> <u>Ort</u> at 318; <u>Rhodes v. Chapman</u>, 452 U.S. 346. For this reason, given Plaintiff's version of the events, Defendant Millard is not entitled to qualified immunity at this Rule 12(b)(6) stage of the litigation. Thus, Defendants' Motion to Dismiss will be denied as to Defendant Millard, and the parties will have the opportunity to further develop the facts with respect to Plaintiff's claim.

<u>Defendant Hanson</u>

As of the date of this Order, service of process has not been effectuated upon Defendant Hansen. While, an *in forma pauperis* plaintiff is entitled to rely on the court officers and the U.S. Marshal to effect proper service, <u>Fowler v. Jones</u>, 899 F.2d at 1088, 1095 (11th Cir. 1990), when a plaintiff fails to provide the Court with valid addresses for the defendants, the Court cannot meet this responsibility. <u>Rochon v. Dawson</u>, 828 F.2d 1107, 1109-10 (5th Cir. 1987)[1]; <u>See</u> <u>also</u> 28 U.S.C. § 1915(d). The Court is also responsible for seeing that its limited resources are allocated in a way that promotes the effective and efficient administration of the judicial system.

---

[1] In <u>Bonner v. City of Prichard</u>, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Pursuant to Fed. R. Civ. P. 4(m), a district court may dismiss an action on its own motion if service is not perfected within 120 days after the filing of the complaint. This matter is clearly subject to dismissal pursuant to the 120-day provision of Rule 4(m). Plaintiff's Complaint was filed on December 12, 2003 (Doc. #1). The U.S. Marshal's several attempts to effectuate service upon Defendant Hansen have been unsuccessful (Docs. #19, #33 and #36). Despite repeated attempts by the Court to assist Plaintiff in his efforts to effect service of process, he has yet to provide a valid address for Defendant Hansen. Consequently, the Court will dismiss Plaintiff's Complaint without prejudice against Defendant Hansen pursuant to Fed. R. Civ. P. 4(m).

ACCORDINGLY it is hereby

**ORDERED:**

1. Defendants Belfield and Millard's Motion to Dismiss (Doc. #28) is **GRANTED in part** and **DENIED in part**. Plaintiff's Complaint is dismissed without prejudice as to Defendant Belfield only. Plaintiff's Complaint remains pending as to Defendant Millard.

2. Plaintiff's Complaint is dismissed without prejudice as to Defendant Hansen pursuant to Fed. R. Civ. P. 4(m).

3. The **Clerk of the Court** shall enter judgment accordingly and correct the caption to reflect the dismissals of Defendants Hansen and Belfield.

4. Defendant Millard shall file an answer to the Complaint within **TWENTY (20) DAYS.**

**DONE AND ORDERED** in Fort Myers, Florida, on this __29th__ day of August, 2006.

                                 */s/ John E. Steele*
                                 JOHN E. STEELE
                                 United States District Judge

SA:  hmk
Copies: All Parties of Record